FERNÁNDEZ, PLAINTIFF AND APPELLANT, v. TORRES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Intervention in Ownership.

No. 1456.—Decided July 13, 1916.

INTERVENTION—COMPLAINT—LEAVE OF COURT—DISCRETION OF COURT.—The complaint in intervention referred to in section 72 of the Code of Civil Procedure must be filed by leave of the court, consequently such limitation of the right to intervene presupposes a certain discretional power on the part of the court to grant or refuse the leave sought; and when it is not shown that the court abused such discretion its ruling should be sustained.

The facts are stated in the opinion.

Mr. José I. Fernández for the appellant.

The appellees did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

During the pendency of an action brought by Margarita Torres against Guillermo Arbona to establish her rights in a civil partnership, etc., the appellant, José I. Fernández Segarra, asked leave to file a complaint in intervention which the court refused on the ground that he had not such an interest in the suit as would entitle him to intervene. On his motion the court entered judgment upon its said ruling and Fernández Segarra took the present appeal therefrom.

The appellant alone appeared before this court and submitted his argument in a short brief.

The facts alleged in the complaint are substantially as follows:

That the appellant brought the said action as attorney for Margarita Torres by virtue of authority conferred upon him by her personally and in the name of her minor children

to take the necessary steps to establish her rights in a civil partnership composed of herself and Guillermo Arbona, to recover the capital she delivered to him, to assert the right of her children to be acknowledged by their natural father, Guillermo Arbona, and to claim from him a larger sum for their support than he was supplying, for which the plaintiff was to receive a remuneration of 45 per cent of whatever might be recovered in property or cash; that after the action was begun the plaintiff's client, without advising him, compromised with Arbona and agreed to accept an amount much less than the amount which the plaintiff had refused to accept; that his relations with his client having been severed, she is endeavoring to ridicule his right to the *quota litis* agreed upon, wherefore he has sued her for breach of the contract entered into between them; that notwithstanding the compromise the attorney for Guillermo Arbona has moved that the case be set for trial and that the plaintiff has an interest in the success of the action brought by Margarita Torres and in her obtaining the largest possible amount, as the remuneration agreed upon is to be paid him on the total amount recovered.

Section 72 of the Code of Civil Procedure provides that any person may intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both, such intervention being made by a complaint setting forth the grounds on which the intervention rests and filed by leave of the court.

In the case of *Smith* v. *Gale,* 144 U. S. 520, in considering a statute similar to section 72 of our code, the Supreme Court of the United States said that it was not disposed to hold that the lower court might not have permitted the complaint in intervention to be filed, but that as such complaint must be filed *by leave of the court,* this is a limitation of the right to intervene which presupposes a certain discretional

power on the part of the court. The order denying permission to file the complaint was sustained.

In the present case the lower court refused to allow the appellant to intervene and we are of the opinion that it did not abuse its discretion; for although the intervenor may have an interest in the success of the plaintiff's action, as a question could arise as to whether he could prevent a compromise by his client, as well as other questions which occur to us but which we do not wish to raise at this time, we prefer to affirm the decision appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.